LANGE, PLAINTIFF AND APPELLEE, v. CRISTY, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
of Debt.

No. 1797.—Decided May 20, 1918.

PROFESSIONAL SERVICES.—In the circumstances of this case it was held that the
trial court's appraisement of the reasonable value of the medical services
rendered by the plaintiff to the defendant was fair and proper.

The facts are stated in the opinion.

Mr. José Sabater for the appellant.

Messrs. Horton & Janer for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Dr. Rafael U. Lange brought suit against Anaiz Cristy,
widow of Cerdá, in the District Court of Mayagüez to re-
cover the sum of $2,000 for medical services, with interest,
costs, disbursements and attorney fees. The defendant an-
swered denying generally all and each of the allegations of
the complaint and alleging as a special defense that she was
not bound to pay for the professional services which the
plaintiff had rendered Miss Cerdá y Cristy and that she had
not made any agreement with the plaintiff to do so at any
time, or in any manner, or under any conditions.

After trial the court rendered judgment for the plaintiff
for the sum of $1,882, with legal interest, costs, disburse-
ments and attorney fees. The court struck out an item of
$39 for services rendered Mrs. Araez, because the evidence
did not show that she was under any obligation to pay the
same. It also struck out another item of $79 for the purpose
of adjusting the professional calls made during the year
1913 within the city limits at the rate of two dollars each,
and those made in Guanajibo at the rate of three dollars each.

The defendant took the present appeal from the judg-
ment and in her brief assigns the commission of four errors:

1 and 2. The first two refer to the weight given to the

evidence. After an examination thereof we are of the opinion that the conclusion reached by the district court is fully justified. This is a case of medical attendance extending over a period of four years, during which time hundreds of calls were made, many of them at late hours of the night. Mrs. Cristy was suffering from a nervous ailment which kept her in a state of constant excitement and at frequent intervals she required the services of her physician, who not only prescribed for her but was obliged to remain in the house to see that the patient took the medicines and regained her composure. The fact that Dr. Lange would have been willing to accept $1,000 before he brought the action and that at the trial he testified that his services were worth $2,500, or even $5,000, but that he reduced his claim to $2,000 on the advice of his attorneys, does not signify that the evidence did not justify the court in fixing the amount at $1,882. A letter written by the doctor to Mrs. Cristy and introduced by her in evidence reveals the degree of friendship which existed between the doctor and the Cristy family and the interest taken in his attendance, and it is not at all strange that he was willing to accept only $1,000. He might have been willing to accept only half of the sum, or even less, but when compelled to bring suit he was not estopped by his generosity from demanding the reasonable value of his services, since there was no agreement as to the amount. Nor is it strange that the doctor said that his services were worth $5,000. No fixed rule can be applied to cases of this kind. Many circumstances must be taken into consideration. The charge of two dollars a visit within the city and three dollars in its nearby wards seems to be generally considered in Mayagüez a proper charge for ordinary visits. But that rule does not govern when, for instance, the visits are made at night, or when the physician is required to remain a long time in the house of the patient. Besides, this is an appellate

court and unless the findings of the trial court are clearly erroneous we must consider them as just and proper, for undoubtedly that court was in a better position than we are to form an accurate opinion of what was the reasonable value of the services rendered by the plaintiff to the defendant in this case.

3. The evidence shows that the greater part of the services was rendered to the defendant herself, but it also shows that her grandchild, Miss Cerdá y Cristy, likewise received medical attention. The latter is an orphan and lives with her grandmother, who supplies all her needs, and when the doctor went to attend her it was always at the call of Mrs. Cristy.

Although professional men should exercise great care in ascertaining what person is liable for the payment of their services (see the cases of *Garcia* v. *Preston et al.,* 17 P. R. R. 556, and *Garcia* v. *Costa et al.,* 25 P. R. R. 370), the circumstances in this case are so convincing and the fact that the defendant assumed the liability is so obvious that we see no error on the part of the district court.

4. Nor do we believe that the court erred in imposing the attorney fees upon the defendant. The fact that instead of giving judgment for $2,000 the court reduced the amount to $1,882 is of no great importance; and, on the other hand, it is significant that the evidence shows that the plaintiff sought to collect an amount which, as we have seen, was less than the reasonable value of his services, but was unable to collect the same and was then obliged to assert his rights in the courts.

In view of all the foregoing we are of the opinion that the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.